UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-284 (JMR/RLE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEWARD SONNY JOHNSON,<br><br>Defendant. | RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C. § 3582(c)(2) |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, hereby responds to and opposes the motion for resentencing filed by the defendant, Deward Sonny Johnson, pursuant to 18 U.S.C. § 3582(c)(2).

## I. Factual and Procedural Background

On January 11, 2001, the defendant pled guilty to Count 1 of the Indictment charging him with aiding and abetting the possession with intent to distribute of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. Because the defendant was determined to be a career offender, his adjusted offense level was determined to be 34 and his criminal history category was VI. Presentence Investigation (PSI) at ¶¶ 34, 42. This resulted in a guidelines range of 262 to 327 months. PSI at ¶ 59.

At sentencing on May 18, 2001, the Court concluded that a criminal history category of IV more accurately described the defendant's criminal history. This resulted in a guidelines range of 210 to 262 months. *See* Statement of Reasons. The Court granted the government's motion for a downward departure pursuant to USSG § 5K1.1, and sentenced the defendant to 120 months confinement.

II. Argument

Once a sentence has been imposed, it may not be modified except in very limited circumstances. One exception is USSG § 3582(c)(2) which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) allows a court to reduce a sentence only when the guideline range has "subsequently been lowered by the Sentencing Commission," and only as provided by the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's primary "policy statement" regarding sentence reductions is found at USSG § 1B1.10. *United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994). Section

1B1.10 identifies the amendments which may be applied retroactively and provides, in pertinent part:

> (1) <u>In General</u>. — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>. — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>. — Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Amendments 706 and 711 to the Sentencing Guidelines modified the cocaine base guidelines and generally reduced by two the offense levels applicable to most cocaine base offenses and are retroactive. The amendments had no affect upon the career offender provisions, however.

Because the defendant's offense of conviction involved over 50 grams of cocaine base (which triggers a maximum sentence of life),

and because the defendant is a career offender, his based offense level remains at 37. *See* USSG § 4B1.1(b)(A). With a three-level reduction for acceptance of responsibility, the defendant's adjusted offense level remains at 34. His criminal history category also remains unchanged. This results in the same guidelines range of 210 to 262 months. Because the defendant's guidelines range has not changed, he is not entitled to any relief under section 3582(c)(2). *See* USSG § 1B1.10(c)(2)(B).

III. Conclusion

WHEREFORE, the defendant's motion for resentencing should be denied.

Dated: April 14, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

s/Thomas M. Hollenhorst
BY: THOMAS M. HOLLENHORST
Assistant United States Attorney